265 P.2d 336

STATE ex rel. SWOPE et al.

v.

MECHEM, Governor.

No. 5723.

Supreme Court of New Mexico.

Jan. 20, 1954.

Joseph E. Roehl, Theo. E. Jones, William C. Briggs, Albuquerque, for petitioners.

Richard H. Robinson, Atty. Gen., Walter R. Kegel, Fred M. Standley, Asst. Attys. Gen., for respondent.

SEYMOUR, Justice.

The question for decision arises in an original proceeding in mandamus against respondent, the Governor of New Mexico. Petitioners are three district judges appointed by respondent or his predecessors; petitioners Swope and Harris were appointed pursuant to 1949 legislative act increasing by one the number of judges in the second and fifth judicial districts respectively, and petitioner Bonem was appointed pursuant to a 1951 statute providing for an additional judicial district and judge, i. e., the tenth judicial district. 1941 Comp. § 16–304.

All ran and were elected in the first general election following their appointment, Judges Swope and Harris in 1950 and Judge Bonem in 1952. The terms of all other district judges in the state expire December 31, 1954. Respondent has notified petitioners in writing that he will not include the offices held by them in the proclamation which he is required by law to issue on the first Monday of February, 1954, designating the offices for which candidates shall be nominated in the primaries. It is the contention of respondent that each petitioner holds his respective office for six years from the date of his election. Petitioners contend that their terms expire December

31, 1954 at the same time that the terms of all other district judges expire.

The controlling constitutional and statutory provisions are as follows:

N.M. Const., Art. 6, sec. 12:

"(Judicial districts—Judges, election and term.)—The state shall be divided into eight judicial districts and a judge shall be chosen for each district by the qualified electors thereof at the election for representatives in congress. The terms of office of the district judges shall be six years."

N.M. Const., Art. 6, sec. 16:

"(Additional district judges—Redistricting.)—The legislature may increase the number of district judges in any judicial district, and they shall be elected as other district judges. At its first session after the publication of the census of the United States in the year nineteen hundred and twenty, and at the first session after each United States census thereafter, the legislature may rearrange the districts of the state, increase the number thereof, and make provision for a district judge for any additional district."

N.M. Const. Art. 20, sec. 3:

"(Date terms of office begin.)—The term of office of every state, county or district officer, except those elected at the first election held under this consti-tution, and those elected to fill vacancies, shall commence on the first day of January next after his election."

N.M. Const., Art. 20, sec. 4:

"(Vacancies.)—If a vacancy occur in the office of district attorney, judge of the Supreme or district court, or county commissioner, the governor shall fill such vacancy by appointment, and such appointee shall hold such office until the next general election. His successor shall be chosen at such election and shall hold his office until the expiration of the original term."

As to Judges Swope and Harris, the significant portions of the 1949 acts, Laws 1949, ch. 31, N.M.S.A. 1941, §§ 16–302, 16–303; and Laws 1949, ch. 43, N.M.S.A. 1941, §§ 16–303a to 16–303d, are identical in the following language:

"The additional district judge * * * shall be appointed by the governor of New Mexico upon the passage and approval of this act * * *, and he shall serve as one of the district judges of said district until the next general election, at which his successor shall be elected in the same manner as is provided by law for all other district judges of this state." § 2.

Sections 2 and 3, ch. 75, Laws of 1941 as amended by ch. 177, Laws of 1951, applicable to Judge Bonem, differ from the laws

applicable to the other petitioners in immaterial detail only.

It is admitted that upon the effective date of each legislative act there existed a vacancy in office and that each office was a proper subject for an exercise of the governor's power of appointment.

Petitioners contend that such appointments are authorized and controlled by Art. 20, sec. 4, N.M. Const., the last sentence of which reads:

"His successor shall be chosen at such election and shall hold his office until the expiration of the original term."

It is argued that the words, "original term," must be given some meaning; that in this case they can mean only a six-year term measured from the common commencement date of the terms of all other district judges; this "intention" on the part of the framers of the Constitution is deduced from the fact that the Constitution provided staggered terms for Supreme Court judges but was silent in that regard as to district judges. The eight original district judges, having terms of six years and being chosen "at the election for representatives in congress," of necessity commenced and ended their terms at the same time; and further, a vacancy by death, resignation or otherwise of an incumbent, by virtue of Art. 20, sec. 4 of the Constitution, resulted in the term of the appointee, or his elected successor, ending contemporaneously with the terms of all other district judges.

From the foregoing, petitioners reach their conclusion as to the intent of the authors of the Constitution; the fact that neither Art. 6, sec. 12 of the Constitution providing for the eight original judges, nor Art. 6, sec. 16 of the Constitution providing for an increase in the number of judges by the legislature, asserted such intention in words, is discounted on the theory that such words would be surplusage.

On the other hand, respondent contends that Art. 20, sec. 4 of the Constitution "(Vacancies.)" applies only to situations in which an office has been occupied by an incumbent; that Art. 6, sec. 16 of the Constitution "under the 'necessary and proper' theory of implied power" gave the legislature authority to provide for the filling of the office of an additional district judge in the interim between the effective date of the act and the date of the next election for representatives in congress; that the legislature exercised the statutory authority by designating the governor as the appointing power; that the additional provision for the election of a successor at the next general election "in the same manner as is provided by law for all other district judges of this state," confines the answer to our question exclusively to Art. 6, sec. 12 of the Constitution; that this section of the Con-

stitution has two factors only: (1) the time at which district judges shall be elected, that is, at an election for representatives in congress; and (2) the term, that is, six years. Petitioners having been elected at a general election pursuant to proclamation and ballot at the primary specifying the six-year term, respondent reaches a conclusion diametrically opposed to petitioners, namely, that petitioners were elected for a six-year term.

This is a case of first impression in this jurisdiction; there are a reasonable number of cases in other jurisdictions on related questions divided in their support between the two theories here advanced; however, none of these jurisdictions have constitutional provisions or statutes identical to ours; therefore, their assistance to us is limited and the primary source of authority for this decision must come from the exact wording of our own Constitution and legislative acts. The most enlightening of these cases are: For petitioners: State ex rel. Smith v. Askew, 1886, 48 Ark. 82, 2 S.W. 349; State ex inf. Hadley v. Burkhead, 1905, 187 Mo. 14, 85 S.W. 901; State ex inf. Major v. Amick, 1912, 247 Mo. 271, 152 S.W. 591; State v. Ware, 1886, 13 Or. 380, 10 P. 885; State ex rel. Hubbard v. Gorin, 1871, 6 Nev. 276; and Smith v. Halfacre, 1842, 6 How., Miss., 582. For respondent: Ex parte Meredith, 1880, 33 Grat., Va., 119, 36 Am.Rep. 771 and cases cited therein; Brewer v. Davis, 1848, 9

Hump., Tenn., 208, 49 Am.Dec. 706; Clark v. State, 1912, 177 Ala. 188, 59 So. 259; and State ex rel. Whitney v. Johns, 1869, 3 Or. 533.

There is also available a 1918 Attorney General's Opinion, No. 2088, which reached the conclusion that the additional district judge, authorized for the fifth judicial district by Ch. 34 of the Laws of 1913, who was first appointed and then elected at the next general election in 1914, was elected not for a six-year term but for a term expiring concurrently with the rest of the district judges of the state. This opinion was based chiefly upon the above cited authorities for petitioners.

The question presents itself to us in this way: First, it is admitted that a vacancy exists; immediately the query arises: Where is the power of appointment which may be or shall be exercised to fill the vacancy? That power of appointment does not necessarily belong to the executive or to any other branch of government. With us, the people are the source of government and the power of selecting persons for office belongs to them. Therefore, the power of appointment belongs where the people have chosen to place it by their Constitution or laws. 42 Am.Jur., sec. 92, p. 950; Mechem on Public Officers, sec. 103, p. 42. The admitted vacancy in this case is in the office of a district judge.

Turning to the Constitution, Art. 20, sec. 4, states unequivocally:

> "If a vacancy occur in the office of * * * judge of the * * * district court, * * * the governor *shall* fill such vacancy by appointment, and such appointee shall hold such office until the next general election." (Emphasis ours.)

Respondent argues that this section of the Constitution applies only in those cases where there was an incumbent in office. We cannot accept this interpretation. There is no qualification that the vacancy be by reason of death, resignation or any other specific reason. Respondent has admitted there is a vacancy in the office covered by this section of the Constitution. The Constitution says the governor *shall* fill the vacancy; this necessarily confers a power of appointment on the governor. It is inconceivable that there is a competing power of appointment lodged in the legislature by implication from Art. 6, sec. 16 of the Constitution. The following general statement from the text at 42 Am.Jur., sec. 94, p. 952, seems necessarily true:

> " * * * where the Constitution makes the act of appointment an executive one, it cannot be exercised by the legislature, nor can the legislature rob the executive of such power by conferring it on an outside agency of its own choosing."

The argument of respondent for an implied power of appointment in the legislature is made plausible by the fact that the legislature immediately conferred that power of appointment back to the governor in the particular statutes under consideration. However, had the legislature appointed the actual incumbent or set up a special election to determine the incumbent, we have no doubt that the act would have been held unconstitutional and a violation of Art. 20, sec. 4, and of Art. 6, sec. 12, respectively, of the Constitution. It is equally true, had there been no provision in the legislative act for the appointment of a judge, no one would have questioned the power of the governor to make the appointment under Art. 20, sec. 4 of the Constitution.

The respondent, being overruled in this contention, in his brief concedes the correctness of petitioners' position by stating: "If it is to be filled under the provisions of Art. 20, sec. 4, then the writ should be made permanent, * * *." We did not agree that a decision could be reached so simply, the question insofar as determined being only that the power of appointment lies in the governor pursuant to Art. 20, sec. 4, supra. There remains the crucial question: What is the *term* of the office to which petitioners were elected at the first general election following their appointment?

This case was originally submitted on briefs; at the request of the Court, the

matter was subsequently presented in oral argument. The question is perplexing.

Counsel did not cite sec. 3 of Art. 20 of the Constitution which by its title (prepared by compiler) would seem specifically to cover the question at issue. It reads as follows:

"(Date terms of office begin.)—The term of office of every state, county or district officer, except those elected at the first election held under this constitution, and those elected to fill vacancies, shall commence on the first day of January next after his election."

The foregoing section of the Constitution determines the beginning day of every state, county and district officer except those elected to fill vacancies (the other exception involving only the first election after the Constitution). Section 4 of Art. 20, dealing with the exception of vacancies, follows immediately and the last sentence of sec. 4 states:

"His successor (i. e., the appointee's successor) shall be chosen at such election (the next general election) and shall hold his office *until the expiration of the original term.*" (Emphasis ours.)

The real question here involved is the meaning of the words "original term" as applied to a newly created office. Some constitutions and many statutes use the phrase "unexpired term." As a matter of fact, our own Constitution, Art. 5, sec. 5, covering the filling of vacancies in the vast majority of state offices, uses that specific phrase. However, we have not been referred to, nor have we found, any other constitution using the phrase "original term" in a similar section.

In an effort to determine this meaning, the language itself has been scrutinized closely, as well as the language of parallel provisions of the Constitution. It can serve no purpose in this opinion to retrace the ground over which such exploration has led. In each case, save one, the line of reasoning has led to a dead end. It is only upon the following basis that we are able to reach a conclusion as to the "intent" of the framers of the Constitution in this regard.

Turning to Art. 20, sec. 4, supra, it literally applies to only four offices, those of district attorney, Supreme Court judge, district judge and county commissioner. The last sentence of this section need not have been included insofar as it concerns the offices of county commissioner and Supreme Court judge. In the first instance, the term was limited to two years, and in the second instance, Art. 6, secs. 4 and 10 of the Constitution make clear the intent that staggered terms of office be maintained. Therefore, the effective applica-

tion of the last sentence of Art. 20, sec. 4 is addressed to the offices of district attorney and district judge.

If it be said that "original term," as applied to these two offices, means any four or six years respectively between two general elections, then the word "expiration," in fact, the whole sentence becomes surplusage and meaningless. Necessarily, this last sentence applies to all vacancies following an incumbent; assuming the death of an incumbent in the office of district attorney or district judge, there can be no doubt that the appointee or his successor elected at the general election following his appointment serves only until the termination date of the term of the original incumbent.

This means that, under all equations of vacancy in these offices, excepting only a vacancy occurring by the creation of a new judge or district attorney, the terms of district judges and district attorneys will begin and end at the same time. Had there been no interest on the part of the framers of the Constitution in preserving these concurrent terms, we can see no reason why they would have made this provision which is applicable to the vast majority of possible vacancies in these two offices. By the same token, had they desired to make an exception of this one isolated case, it is hard to believe that it would not have been spelled out with particularity. It is our conclusion that the framers of the Constitution, having gone so far in preserving the uniformity for which petitioners contend, must have intended to preserve it in the case at hand.

To reach the opposite conclusion would require two interpretations of the same phrase in a single sentence, namely: That "original term," in the case of a vacancy following an incumbent, means "unexpired term"; that in the case of a newly created district judge, it means a term of six years from the general election following appointment by the governor. Such an interpretation is too strained.

Respondent argues that our conclusion results in a nebulous, floating thing called a term of office, created by the Constitution long before the office itself came into existence. In seeking to discover intent in these matters, it is not necessary that we be bound by each tenuous argument that can be developed from single words and phrases.

Having satisfied ourselves from the language of the Constitution with regard to the intent here involved, it is unnecessary to rely upon the construction of the Constitution given by the attorney general in 1918 in which there has been general acquiescence since that time. Such a past construction and acquiescence therein are factors in constitutional interpretation only when all direct methods have failed. Cool-

ey's Constitutional Limitations, 8th Ed., Vol. 1, p. 144, et seq.; 16 C.J.S., Constitutional Law, p. 67, § 29 et seq.

The writ shall be made permanent.

It is so ordered.

Motions for rehearing, if any, will be filed on or before January 25, 1954.

McGHEE, C. J., and SADLER, COMPTON and LUJAN, JJ., concur.