321 P.2d 200

STATE of New Mexico, on the relation of S. E. REYNOLDS, State Engineer, Plaintiff-Appellee,

v.

J. H. KING, Defendant-Appellant.
No. 6280.

Supreme Court of New Mexico.
Jan. 27, 1958.

James M. H. Cullender, Roswell, for appellant.

Fred M. Standley, Atty. Gen., Charles D. Harris, Sp. Asst. Atty. Gen., for appellee.

COMPTON, Justice.

The State, on relation of the State Engineer, brought this action to enjoin appellant from using water of the Roswell Underground Basin to irrigate approximately 100 acres of land owned by him. Following a hearing, the court enjoined the further use of the water by appellant and he appeals.

The ultimate facts are so succinctly stated, we copy them in toto.

"Findings of Fact

"1. That the defendant J. H. King is the owner of a lake known as Prichard Lake located in the NW¼

SW¼ and SW¼NW¼ of Section 34, Township 14 South, Range 26 E.

"2. That waters not currently usable in unascertained amounts from the Hagerman irrigation canal flow into Prichard Lake with the permission of the owner from time to time and have done so for a number of years past.

"3. That certain of the waters after flowing into the lake, again in unascertained amounts, percolates downward and contributes to the quantity of water in the Roswell underground basin.

"4. That presently the owner is taking water from the shallow water basin from a well located in the NE¼ NE¼, Section 35, Township 14 South, Range 26 East, and applying the water to irrigation purposes to the following described land: NE¼NE¼ Section 35, 37.7 acres, Pt. W¾ Section 36, 65.5 acres, all in Township 14 South, Range 26 East.

"5. That such above described well was drilled in 1946 without an application to do so made to the State Engineer, and that no permit or license for such well has ever been issued by the State Engineer.

"6. That neither the owner nor his predecessor in interest made any appropriation of water from the underground source for application to the above lands or any other land prior to 1931, and that the owner has made no application to the State Engineer since 1931 to appropriate water from the Roswell underground basin, and further that no permit or license to appropriate water from the underground basin has ever been issued to the owner by the State Engineer.

"7. That the above described well and lands, upon which the water taken from said well was being used, are within the boundaries of the Roswell underground basin as originally declared by the State Engineer."

 Accordingly, the court concluded that appellant had acquired no right to use the water after it had reached the underground basin and entered a decree enjoining him from its further use for irrigation. The findings are not attacked, leaving questions of law only for determination.

Appellant contends (a) that the surplus waters from the Hagerman Irrigation Canal upon entering his lake became his private waters, and (b) that he was entitled to utilize the underground basin as a storage for such private waters, less depreciation due to evaporation and seepage. The contentions cannot be sustained. As to the first question, we pause just long enough to say that the waters used by appellant were not being diverted from his lake. As to the latter question, it has no legislative sanc- ·

tion. We find no law permitting the storing of private waters in established underground water basins. When waters, either artificial surface waters or natural surface waters, reach an established underground water basin by percolation, seepage or otherwise, they become public waters as defined by § 75–11–1, 1953 Comp., which reads:

"The water of underground streams, channels, artesian basins, reservoirs, or lakes, having reasonably ascertainable boundaries, are hereby declared to be public waters and to belong to the public and to be subject to appropriation for beneficial use. * * *"

The waters in controversy being public waters, the statutory manner of acquiring rights thereto is exclusive. State ex rel. Bliss v. Dority, 55 N.M. 12, 225 P.2d 1007.

Appellant relies strongly on Hagerman Irr. Co. v. East Grand Plains Drainage Dist., 25 N.M. 649, 187 P. 555. The case lends no material assistance. There the court was dealing with surface waters.

 Relator cross-appealed, claiming abuse of discretion by the court in staying the injunction, pending appeal. We fail to see the merit of this contention. Relator had knowledge that appellant had been using the well for irrigation. Previously he had applied for a permit to continue pumping from the well, and no action had been taken on the application. Lands were being readied for irrigation; time for planting of crops was at hand. Under these circumstances, the court was warranted in assuming that relator had given his tacit approval. The court did not abuse its discretion.

The judgment should be affirmed and it is so ordered.

LUJAN, C. J., and McGHEE, J., concur.

SADLER and KIKER, JJ., not participating.