397 P.2d 469

**S. E. REYNOLDS, State Engineer, Appellant,**

v.

**Max WIGGINS, Appellee.**

**No. 7515.**

Supreme Court of New Mexico.

Dec. 14, 1964.

Earl E. Hartley, Atty. Gen., Santa Fe, Charles D. Harris, Special Asst. Atty. Gen., Roswell, for appellant.

Hinkle, Bondurant & Christy, Paul W. Eaton, Jr., Roswell, for appellee.

NOBLE, Justice.

Max Wiggins appealed to the district court from an order of the state engineer denying his application to appropriate water from the shallow underground Roswell basin. On review, the district court vacated the administrative order and directed approval of the application. The state engineer has appealed from that judgment.

The Wiggins farm is located in the Roswell Artesian basin adjacent to the Pecos river. Wiggins, who owns all of the drain water flowing into a certain manhole on the D line of the Dexter-Greenfield Drainage District, has used this drainage water for irrigation and now seeks permission to inject it into the shallow

water basin through a well and to withdraw an equivalent amount from the underground basin of the same well during the irrigation season. He proposes to install devices to measure both the amount of water contributed to and that withdrawn from the underground basin. For a full description of the Roswell underground basin and of the drainage waters, see Applications of Langenegger, 64 N.M. 218, 326 P.2d 1098.

The Wiggins proposal, however, is not one to deliver his private water into the underground basin to supply appropriations therefrom and to take in exchange an equivalent quantity of water from that basin as § 75-5-24, N.M.S.A.1953 authorizes with surface water. Rather, the applicant recognizes that when privately-owned water reaches an established underground basin, it becomes public water as defined by § 75-11-1, N.M.S.A.1953, and subject to appropriation for beneficial use, State ex rel. Reynolds v. King, 63 N.M. 425, 321 P.2d 200. Accordingly, he readily concedes that he has applied for a new appropriation from the underground basin.

In accordance with Kelley v. Carlsbad Irrigation District, 71 N.M. 464, 379 P.2d 763, the district court reviewed only the record of the administrative hearing and, based upon that record, concluded as a matter of law that the state engineer's action lacked substantial support in the evidence, and that denial of the application was arbitrary and without authority in law. This court, in reviewing the district court's judgment, must, in the first instance, make the same review of the state engineer's action as did the district court. Our review of the record before the state engineer leads us to agree with the conclusion reached by the district court, although perhaps partly upon different grounds.

The application for appropriation of the new right was denied, in part at least, upon the engineer's finding that the water from this source had theretofore been fully appropriated and that granting the Wiggins application "would impair existing rights." An examination of § 75-11-3, N.M.S.A. 1953, convinces us that it requires the state engineer to issue a permit to appropriate from an underground source if either, (1) there is unappropriated water, or (2) the proposed appropriation will not impair existing rights from such source. Wiggins does not challenge the finding that there remained no unappropriated water in the basin, but does assert that under the facts of his proposal the engineer's finding that granting his application would impair existing rights has no substantial support in the evidence. Even though the underground basin water may have been fully appropriated when Wiggins made his application, this appeal turns on whether, under the facts here present, existing rights

from that source would be impaired if the application is granted. To put it more simply, is the engineer's finding that existing rights would be impaired supported by substantial evidence?

The evidence before the state engineer was wholly documentary and consisted only of hydrological and geological engineering reports. These reports agree that operation of the Wiggins well in the manner proposed by the application will not impair existing rights from that underground source.

■ The statute, § 75–11–3, supra, specifically makes each permit "subject to the rights of all prior appropriators from said source," and thus protects prior appropriators from impairment of their rights in the event applicant's drainage water ceases to flow through the manhole and there results a depletion of the public water. It is, therefore, apparent that the evidence before the state engineer fails to support his finding of impairment of existing rights from the underground source.

■ Reliance is placed upon a finding that granting the application would affect the base flow of the Pecos river to the impairment of existing rights of appropriators from that source. The finding must necessarily be predicated upon the fact that unused drain water flows into the river and is used to supply appropria-

tions from the river. However, these drain waters are privately owned and not subject to appropriation. Applications of Langenegger, supra; State ex rel. Reynolds v. King, supra. Such private water only becomes public and subject to appropriation when it has reached a source of public water. State ex rel. Reynolds v. King, supra. It follows that until such time as applicant's private water has actually reached the river or an underground reservoir, he can divert and dispose of it as he sees fit. Sec. 75–5–25, N.M.S.A. 1953. No contention has been made in this case of abandonment by non-use, nor did the engineer make any finding on that subject. Accordingly, the state engineer has no right to insist that this private water continue to flow into the river, nor has he a right to deny this application because it may affect the rights of other privately-owned drainage waters. His authority is limited to the public water, and so far as his denial of the application was based upon the finding of impairment of the rights of Pecos river appropriators or other drain rights, his action was founded upon an error of law. Hagerman Irr. Co. v. East Grand Plains Drainage District, 25 N.M. 649, 187 P. 555.

In our view, the state engineer can find no solace in either Langenegger or King as lending support to his denial of this application.

The judgment of the district court should be affirmed.

It is so ordered.

COMPTON, C. J., and MOISE, J., concur.