415 P.2d 849

C. M. KELLEY, Applicant-Appellee,

v.

CARLSBAD IRRIGATION DISTRICT, Protestant-Appellant,

and

S. E. Reynolds, State Engineer of New Mexico, Appellant.

No. 7594.

Supreme Court of New Mexico.

June 20, 1966.

Second Rehearing Denied June 20, 1966.
Further Rehearings Denied July 1, 1966.

Hinkle, Bondurant & Christy, Paul W. Eaton, Jr., Roswell, for appellee.

Stagner, Sage, Walker & Estill, Carlsbad, for Carlsbad Irrigation Dist., protestant-appellant.

Earl E. Hartley, Atty. Gen., Charles D. Harris, Sp. Asst. Atty. Gen., Santa Fe, for S. E. Reynolds, State Engineer, appellant.

PER CURIAM.

The motion for leave to file second motion for rehearing is denied; however, upon consideration of the motion, the opinion heretofore filed is withdrawn and the following substituted therefor.

OPINION

CHAVEZ, Justice.

Appellants, State Engineer of New Mexico and Carlsbad Irrigation District, have appealed from the trial court's ruling directing the State Engineer to approve the application of C. M. Kelley, appellee, to change his point of diversion from the Hondo River and to appropriate waters of the Roswell Artesian Basin. The State Engineer had previously denied appellee's application and, on appeal, the trial court reversed the State Engineer's order.

This appeal marks the second time this court has been presented with this controversy. In Kelley v. Carlsbad Irrigation District, 71 N.M. 464, 379 P.2d 763, this court reversed the trial court's decision allowing the applicant to change the point of diversion. We there held that the trial court erred in admitting additional evidence not presented at the hearing before the State Engineer, and that the State Engineer's decision denying the application to change the point of diversion had not, therefore, been given a proper review. On remand and after additional arguments, the trial court again reversed the State Engineer and directed him to approve the application to change the point of diversion. This appeal followed.

The irrigation works of the Hondo Project were completed in 1907 and consisted of an inlet diversion channel from the

Hondo River, a reservoir, an outlet diversion channel to return water from the reservoir to the Hondo River, and a diversion channel from the inlet channel, which provided a means whereby waters entering the inlet channel would be returned to the Hondo River before reaching the reservoir. Further downstream there were also constructed diversion ditches into which water from the Hondo River could flow, thereby allowing individual irrigators a usage of the water. Appellee Kelley is one of the individual irrigators using this downstream irrigation diversion ditch.

The Hondo Reservoir does not hold water well because of the holes in its base formation which allow water coming into the reservoir to percolate rapidly downward into the Roswell Artesian Basin.

Appellee bought the farm land in question in 1948, although he had rented the farm in 1943. Since 1949 appellee irrigated his land from the ditch and from a well. The well was drilled without a permit and was not a new appropriation. All of the water appellee had taken from the ditch was water that had never reached the reservoir, and he had never taken any water that had entered the reservoir. Appellee testified that the reservoir had never operated as a storage reservoir; that he had never received any water from the reservoir; and that he never knew of anyone who had received storage water from the reservoir.

In the application for change of point of diversion, appellee stated that his water rights arose out of his membership in the Hondo Water Users Association, which association derived its Rio Hondo water rights from the federal government and turned over its operation of the Hondo Project to the Hondo Water Users Association; that the Hondo Reservoir was not efficient because any water stored therein rapidly percolated into the underground basin and, as a result, applicant and others have been unable to recover therefrom any dependable supply of water; that by means of the application he seeks a permit to continue to divert his portion of the Rio Hondo waters into the Hondo Reservoir and to recover same from the underground reservoir by means of a well; that applicant proposes to utilize the underground reservoir for storage in lieu of the inefficient Hondo Reservoir.

Upon hearing the State Engineer denied the application and made the following findings:

"1. That the applicant seeks to change his point of diversion from a surface diversion located in the NE¼ NE¼ NE¼ of Section 35, Township 11 South, Range 23 East, in the Hondo River, to an artesian well located in the SW¼ SW¼ SW¼ of Section 6, Township 11 South, Range 24 East, and to appropriate 490 acre feet of water from the

artesian basin rather than from the Hondo River for the irrigation of 167.2 acres of land described as follows: SW¼ of Section 19, Township 11 South, Range 24 East, N.M. P.M., Chaves County, New Mexico.

"2. That in addition thereto, the applicant seeks to change his claimed storage rights from the Hondo Reservoir to the underground water basin.

"3. That no waters have ever flowed into the Hondo Reservoir from the Hondo River except during the years of torrential rainfall in areas above the artificial intake canal leading into the reservoir.

"4. That the applicant or his predecessors in title has taken no water from the Hondo Reservoir for irrigation purposes since 1917 and all surface waters used by the applicant to irrigate subject land have been taken from the point of diversion of applicant in the bed of the Hondo River from flood waters of the Hondo River.

"5. That since the year 1949, the applicant has never had a sufficient amount of surface water to irrigate the lands involved in this matter.

"6. That little of the water leaking from the Hondo Reservoir into the San Andres limestone is stored in that formation. The increased recharge is quickly reflected in increased natural discharge from the formation because of its high permeability and low storage coefficient.

"7. That the waters of the shallow water aquifer and the artesian water acquifer of the Roswell Artesian Basin are fully appropriated.

"8. That the granting of the subject application would constitute a new appropriation of the ground waters of the Roswell Artesian Basin and would impair existing rights."

Upon the second trial the district court reversed the State Engineer's order denying the application and made the following findings and conclusions, which appellants. assert are erroneous and upon which this. appeal is grounded:

(Findings of Fact)

"1. All of the material findings of fact made by the State Engineer are contrary to the evidence and are not supported by substantial evidence and for this reason the action of the State Engineer in denying the application was arbitrary and capricious.

"2. The action of the State Engineer in denying the application was. based upon an erroneous view and application of the law to the facts.

established at the hearing before the State Engineer.

" * * *

"10. The Applicant in his application seeks to abandon his right to impound the natural and flood waters of the Rio Hondo in the project reservoir and to abandon his right to take water directly from the Rio Hondo and to take from the well in question the total of 480 acre feet of water per annum for the irrigation of his said lands.

" * * *

"12. The granting of the application and the use by the Applicant of his present well to take waters from the Roswell Artesian Basin in the quantities applied for will not constitute a new appropriation and will not operate to the detriment of the Protestants or either of them or to the detriment of any other persons having valid and existing rights to the use of the water of the Rio Hondo River or the shallow ground waters or of the artesian waters within the Roswell Artesian Basin."

(Conclusions of Law)

"1. The Findings and Order of the State Engineer are not supported by the evidence.

"2. The acts of the State Engineer in denying the application was arbitrary and without authority of law.

"3. The powers and duties of the State Engineer are administrative in character and in passing upon the Application in question the State Engineer was required to grant the same upon a showing that said Application could probably be granted without injury to the existing rights of other water users. The only evidence in the transcript on this question was to the effect that such rights would not be injured or impaired and the Engineer's finding to the contrary is not based upon any evidence in the record.

"4. The application should be approved by the State Engineer."

Appellants' first point is that the decision of the State Engineer was based upon substantial evidence and was not arbitrary or capricious. This point is predicated upon the alleged error committed by the trial court in adopting findings of fact Nos. 1, 2, 10 and 12 set forth above. Appellants' second point is that an appropriator of water may not change his point of diversion from a stream with an intermittent flow, nor from a surface reservoir that has never stored water, to a downstream artesian basin, when all of the waters of the artesian basin have been appropriated. Appellants'

second point is so closely related to the first point that our disposition of the first point will necessarily include the second.

■ The scope of the trial court's review of the State Engineer's decision is limited to questions of law restricted to whether, based upon the evidence produced at the hearing before the State Engineer: (1) That officer acted fraudulently, arbitrarily or capriciously; (2) whether his action was substantially supported by the evidence; (3) whether his action was within the scope of his authority; and (4) whether the State Engineer's decision was based upon an error of law. Kelley v. Carlsbad Irrigation District, supra; § 75–6–1, N.M. S.A., 1953 Comp.

■ The first six findings of fact of the State Engineer deal with appellee's claimed percolation of his surface water into the underground basin. The water sought to be used from the well in this instance is not underground water which, if not intercepted, would reach and become a part of a natural stream, either on or beneath the surface, and which is thus governed and controlled by the constitution and statutes relative to appropriation and diversion of surface waters, as in Templeton v. Pecos Valley Artesian Conservancy Dist., 65 N. M. 59, 332 P.2d 465; Public Service Company v. Reynolds, 68 N.M. 54, 358 P.2d 621; and Clodfelter v. Reynolds, 68 N.M. 61, 358 P.2d 626. We reaffirm and do not intend by anything said here to change or affect the rule announced in those cases, under facts making those principles applicable.

■ When an artificial or natural flow of surface water, through percolation, seepage or otherwise, reaches an underground reservoir and thereby loses its identity as surface water, such waters become public under the provisions of § 75–11–1, N.M.S.A., 1953 Comp., and are subject to appropriation in accordance with applicable statutes. It follows that one having a water right in a surface flow, which has thus been lost to the underground reservoir, can neither transfer his surface right nor change his point of diversion to the underground reservoir.

■ As to the State Engineer's finding of fact No. 7, it is a matter of common knowledge, and admitted by appellee, that the shallow water aquifer and the artesian water aquifer of the Roswell Artesian Basin are fully appropriated. See Laws of New Mexico, 1931, Ch. 70; Pecos Valley Artesian Conservancy Dist. v. Peters, 52 N.M. 148, 193 P.2d 418.

The State Engineer made the following finding of fact:

"8. That the granting of the subject application would constitute a new appropriation of the ground waters of the Roswell Artesian Basin and would impair existing rights."

■■ Appellee's application was filed pursuant to § 75–5–23, N.M.S.A., 1953 Comp., and sought to change the applicant's point of diversion from the surface to the underground Hondo Reservoir. Section 75–5–23, supra, only authorizes a change of the place of diversion, storage or use, in the manner prescribed by §§ 75–5–3 through 75–5–22, N.M.S.A., 1953 Comp. We find nothing in the language of said section indicating an intention of the legislature to permit diversion under a surface water right of water which has reached an underground reservoir and lost its identity as surface water. The transfer of a surface right to water, which has lost its identity as surface water because it has reached an underground reservoir, would not be a change in point of diversion as contemplated by § 75–5–23, supra. Such a transfer would constitute a new appropriation in the underground reservoir.

■ Notwithstanding that the parties briefed and argued this case solely upon the question of whether the State Engineer's findings of fact are supported by substantial evidence, the decision of the district court must be based upon correct principles of law.

■ The duty of the district court on appeal is to determine whether the action of the State Engineer was based upon an error of law. Kelley v. Carlsbad Irrigation District, supra.

■ It is clear from the evidence that appellee's surface water, through percolation, reached the underground basin. Upon this occurring, it immediately lost its identity as appellee's water and became public water, subject to appropriation. State ex rel. Reynolds v. King, 63 N.M. 425, 321 P.2d 200. An appellate court is concerned only with whether the decision is correct or erroneous and the determination of the State Engineer must be affirmed if it is correct, even though on wrong grounds.

In view of our disposition of this case, we do not reach the question and we need not determine whether the finding of the State Engineer, that the granting of the application would impair existing rights, is correct or erroneous.

The judgment of the district court is reversed and remanded with direction to set aside the judgment heretofore entered and to enter judgment affirming the order of the State Engineer.

It is so ordered.

CARMODY, C. J., and NOBLE, J., concur.