452 P.2d 469

Leonard SEIDENBERG, M.D., and Louise Geng Seidenberg, M.D., Petitioners-Appellees,

v.

The NEW MEXICO BOARD OF MEDICAL EXAMINERS, Respondent-Appellant.

No. 8720.

Supreme Court of New Mexico.

March 10, 1969.

Rehearing Denied April 15, 1969.

Marron, Houk & McKinnon, Albuquerque, for respondent-appellant.

Bigbee & Byrd, F. Joel Roth, Santa Fe, for petitioners-appellees.

## OPINION

TACKETT, Justice.

These consolidated causes are before us on an appeal by the Board of Medical Examiners, hereinafter referred to as the "Board," which, after a very lengthy hearing, revoked the licenses of both appellees to practice medicine in the State of New Mexico.

The charges and hearings were conducted under the provisions of the Uniform Licensing Act, §§ 67–26–1 through 67–26–28, N.M.S.A., 1953 Comp.

Appellees appealed the decision of the Board to the District Court of Santa Fe County, the Honorable J. V. Gallegos, by designation, presided. After considering the record of the proceedings before the Board, the trial court entered its decision and judgment reversing the decision of the Board, on the grounds that the evidence before the Board was not clear and con-

vincing; that it was not supported by substantial evidence; and that, in revoking the licenses of appellees, the Board acted arbitrarily and capriciously.

Under point I, appellant contends:

"THE COURT ERRED IN REVERSING THE BOARD'S DECISION AND ORDER REVOKING THE LICENSES OF EACH OF THE APPELLEES TO PRACTICE MEDICINE IN CONCLUDING:

(A) THAT THERE WAS NOT CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE ALLEGATIONS CONTAINED IN THE NOTICE OF CONTEMPLATED ACTION;

(B) THAT THE DECISION OF THE BOARD WAS UNSUPPORTED BY SUBSTANTIAL EVIDENCE ON THE ENTIRE RECORD; AND

(C) THAT THE BOARD ACTED ARBITRARILY AND CAPRICIOUSLY IN REVOKING THE LICENSES OF EACH OF THE APPELLEES."

The scope of the trial court's review of an administrative board's decision is set forth in § 67–26–20, N.M.S.A., 1953 Comp.:

"Upon the review of any board decision under the Uniform Licensing Act [67–26–1 to 67–26–28], the judge shall sit without a jury, and may hear oral arguments and receive written briefs, but no evidence not offered at the hearing shall be taken, except that in cases of alleged omissions or errors in the record, testimony thereon may be taken by the court. The court may affirm the decision of the board or remand the case for further proceedings; or it may reverse the decision if the substantial rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: in violation of constitutional provisions; or in excess of the statutory authority or jurisdiction of the board; or made upon unlawful procedure; or affected by other error of

law; or unsupported by substantial evidence on the entire record as submitted; or arbitrary or capricious."

■ We said in Hardin v. State Tax Commission, 78 N.M. 477 at 478, 432 P.2d 833, at 834 (1967):

"It is well established that a district court may not, on appeal, substitute its judgment for that of the administrative body, but is restricted to whether, as a matter of law, the administrative body acted fraudulently, arbitrarily or capriciously; whether the administrative order is substantially supported by evidence; and, generally whether the action of the administrative body was within the scope of its authority. Llano, Inc. v. Southern Union Gas Co., 75 N.M. 7, 399 P.2d 646, and authorities there collected. This court, in reviewing the district court's judgment, must, in the first instance, make the same review of the administrative agency's action as did the district court. Reynolds v. Wiggins, 74 N.M. 670, 397 P.2d 469. Our review of the record before the state tax commission leads us to agree with the commission's disposition of the valuation."

See also, S.I.C. Finance-Loans of Menaul, Inc. v. Upton, 75 N.M. 780, 411 P.2d 755 (1966).

In Llano, Inc. v. Southern Union Gas Company, 75 N.M. 7 at 11–12, 399 P.2d 646 at 649 (1964), it is there stated:

"This court has consistently held that on appeals from administrative bodies the questions to be answered by the court are questions of law and are restricted to whether the administrative body acted fraudulently, arbitrarily or capriciously, whether the order was supported by substantial evidence and, generally, whether the action of the administrative body was within the scope of its authority. The district court may not substitute its judgment for that of the administrative body. [Citations] * * *."

See also, State ex rel. State Corporation Commission v. Zinn, 72 N.M. 29, 380 P.2d 182 (1963); Deaconess Hospital v. Washington State Highway Commission, 66 Wash.2d 378, 403 P.2d 54 at 70 (1965).

In the case before us, appellees were charged with and found guilty of dishonorable and unprofessional conduct because of fraudulent misrepresentations, and evidence, to be deemed substantial, must have been clear and convincing to justify the Board in its findings of guilty of six out of the seven counts.

■ In Lumpkins v. McPhee, 59 N.M. 442, 286 P.2d 299 (1955), it is noted that where fraud is charged, the evidence in support of a finding of fraud is not deemed substantial *"if it is not clear, strong and convincing."* First National Bank of Albuquerque v. Lesser & Lewinson, 10 N.M. 700, 65 P. 179 (1901); Shaw v. Board of Education, 38 N.M. 298, 31 P.2d 993, 93 A.L.R. 432 (1934); Frear v. Roberts, 51 N.M. 137, 179 P.2d 998 (1947).

■ The court below was limited in its review to determining whether the order of the Board was unreasonable or unlawful; whether the order of the Board was supported by substantial evidence; and, generally, whether the action of the Board was within the scope of its authority. Based upon the record in the instant case, we hold that the Board's actions were neither unreasonable, arbitrary nor capricious, and that the Board's decision is based on clear, convincing and substantial evidence.

Under point II appellees raise a constitutional question; that the proceedings of the Board denied appellees due process of law and violated the governing statutes as to the method of appointment and additional qualifications contained in § 67–5–1, N.M. S.A., 1953 Comp. and that such appointments are contrary to and in violation of Art. VII, § 2, and Art. III, § 1, New Mexico Constitution, and thereby do not give the Board jurisdiction over appellees to suspend or revoke their licenses to practice medicine in New Mexico.

The Board exists pursuant to §§ 67–5–1 through 67–5–26, N.M.S.A., 1953 Comp., is established under § 67–5–1, supra, and consists of five members appointed by the

**138**

governor from a list of five nominees for each position.

Appellees do not challenge the right of the legislature to create a Board of Medical Examiners and to vest authority in the Board to institute appropriate disciplinary proceedings for the revocation or suspension of a physician's license to practice medicine. They do complain, however, that the statute creating the Board has usurped the governor's power of appointment of members of the Board by restricting the governor's choice to nominees of the New Mexico Medical Society.

In accordance with § 67–5–1, supra, the nominees submitted by the Medical Society must be "qualified."

Appellees rely on State ex rel. Swope v. Mechem, 58 N.M. 1 at 6, 265 P.2d 336 at 339 (1954), wherein we quoted from 42 Am.Jur., Public Officers, § 94 at 952:

"'* * * where the Constitution makes the act of appointment an executive one, it cannot be exercised by the legislature, nor can the legislature rob the executive of such power by conferring it on an outside agency of its own choosing.'"

We distinguish this from the instant case in that we are not faced with a constitutional delegation to the executive of the power of appointment to the Board. Here, the legislature delegated such power to the executive and may establish qualifications for Board members. New Mexico Constitution, Art. VII, § 2(B), (1967 Pocket Supp.) provides:

"The legislature may provide by law for such qualifications and standards as may be necessary for holding an appointive position by any public officer or employee."

It is to be noted that the Board appointed by the governor has the power to grant licenses to qualified physicians to practice medicine, yet appellees contend that the Board could not revoke their licenses to practice. This is incongruous and not a tenable position in so far as appellees are concerned. See, Annot. 65 A.L.R.2d 662 at 682.

The constitutionality of a statute is presumed. Doubts concerning its constitutionality are to be resolved in favor of legality and, before a statute may be stricken down, it must clearly appear that it offends applicable constitutional provisions. See, Community Public Service Co. v. New Mexico Public Service Comm'n, 76 N.M. 314, 414 P.2d 675 (1966); Silver City Consol. Sch. Dist. No. 1 v. Board of Regents, 75 N.M. 106, 401 P.2d 95 (1965), and cases cited therein.

In the Annot. 97 A.L.R.2d 361 at 373, commenting on Marks v. Frantz, 179 Kan. 638, 298 P.2d 316 (1956), we find the following:

"* * * [P]laintiff sought (1) a determination that an act creating a board of examiners for the examination and registration of optometrists was invalid in that it directed the governor to appoint members of the board from a list of names supplied to him by the Kansas optometric association, thus depriving the governor of his power of appointment and conferring it on a private corporation in violation of the state constitution, * * *. Relying on what is deemed the 'clear weight of authority' in other jurisdictions, the court upheld the constitutionality of the statute, noting that many examples of restrictive powers of appointment were to be found under various state statutes, indicating a settled legislative pattern."

The governor is obligated to appoint to the Board nominees submitted by the New Mexico Medical Society, and only the governor has this prerogative.

In Asplund v. Alarid, 29 N.M. 129, 219 P. 786 (1923), this court said that, in determining the constitutionality of an act of the legislature, the presumption is that the legislature has performed its duty and kept within the bounds fixed by the constitution, and that the judiciary will, if possible, give effect to the legislative intent, unless it

clearly appears to be in conflict with the constitution.

It is needless to cite the many cases from other jurisdictions; however, contrary to appellees' contentions, see Annot. 97 A.L.R. 2d 1210 at 1221, where, in discussing Prosterman v. Tennessee State Board of Dental Examiners, 168 Tenn. 16, 73 S.W.2d 687 (1934), we find the following:

> "* * * [A] dentist whose license had been revoked by the board following a hearing on charges that he had made false advertising claims contended that the statute under which the board members were appointed violated the state constitutional provisions guaranteeing due process and disqualifying interested judges, because it limited appointees to such dentists as were recommended for appointment by the state dental association, which association in turn was exclusive in character, prejudiced, and excluded all advertising dentists. Affirming a decision upholding the board's material findings with a modification of the revocation to a 30-day suspension, the appellate court found no constitutional difficulty with the challenged statute; * * *."

Appellees further contend that the Board, as created under § 67–5–1, supra, is prejudicial and discriminatory as to appellees and denies them due process of law. It is alleged that the allegations in the affidavit of disqualification were not rebutted by the Board and the Board failed to disclaim any prejudice; that prejudice is shown; that appellees have been denied due process of law and equal protection of the law.

█ The Board is the one tribunal vested with power to revoke a doctor's license, just as the Supreme Court of New Mexico is the only body with power to disbar a lawyer. In State ex rel. Yuhas v. Board of Medical Examiners, 135 Mont. 381, 339 P.2d 981 (1959), it was held that the Board had exclusive jurisdiction of the granting and revoking of certificates admitting physicians and surgeons to practice and, in view of the fact statutes do not provide for disqualification of board members, proceedings before the Board may not be restrained merely by reason of the fact that the Board itself initiated the proceedings against a physician and was, therefore, an interested party. See 42 Am.Jur., Public Administrative Law, § 21 at 312; and Board of Medical Examiners v. Steward, 203 Md. 574, 102 A.2d 248 (1954).

█ The fact that the charges are made by the same body which tries the issues does not, in itself, operate as a disqualification. Neither does zeal in the performance of a public duty disqualify. 1 Am.Jur. 2d, Administrative Law, § 64, at 861; New Jersey State Board of Optometrists v. Nemitz, 21 N.J.Super. 18, 90 A.2d 740 (1952).

In Brinkley v. Hassig, 83 F.2d 351 (10th Cir. 1936), it was held that disqualification will not be permitted to destroy the only tribunal with power in the premises, although a disqualified member may not act if the law provides for substitution of personnel on the board or court, or if another tribunal exists to which resort may be had.

Appellees' contentions are not meritorious. In the notice of contemplated action and throughout these proceedings, the Board followed the wording as required by the Uniform Licensing Act, and particularly § 67–26–4, supra. Also, there has been substantial compliance with § 5–6–17, N.M. S.A., 1953 Comp. The record in the instant case supports the Board's decision by clear and convincing evidence and the decision of the Board is neither unreasonable, arbitrary nor capricious. Appellees, as found by the Board, were guilty of dishonorable and unprofessional conduct and the licenses issued to appellees by the Board should be revoked.

We hold that the trial judge substituted his judgment for the judgment of the Board; therefore, the decision of the trial court is reversed and the case remanded with instructions to affirm the decision of the Board.

It is so ordered.

COMPTON, and CARMODY, JJ., concur.