487 P.2d 1085

John Gordon STRANCE, M.D., Petitioner-Appellant,

v.

The NEW MEXICO BOARD OF MEDICAL EXAMINERS, Respondent-Appellee.

No. 9192.

Supreme Court of New Mexico.

Aug. 9, 1971.

Toulouse, Moore & Walters, Albuquerque, for petitioner-appellant.

Howard F. Houk, Albuquerque, for respondent-appellee.

## OPINION

OMAN, Justice.

This appeal is from a judgment of the district court affirming the suspension by the New Mexico Board of Medical Examiners of appellant's license to practice medicine in the State of New Mexico for a period of two years and one day. We affirm.

Appellant was licensed to practice medicine in Nevada and New Mexico. He resided and maintained his offices in Fallon, Nevada. He applied and by letter dated June 14, 1963 was designated as an Aviation Medical Examiner for the Administrator of the Federal Aviation Administration. This designation expired on December 31 of each calendar year and was valid only at his Fallon address. He was expressly so notified, and upon application was redesignated for each of the calendar years 1964, 1965 and 1966.

On February 21, 1966, the Board of Medical Examiners of the State of Nevada revoked appellant's license to practice medicine in that state, but stayed the revocation upon certain conditions. One of these conditions was that he refrain from the use of alcohol or alcoholic beverages. On March 16, 1966, he was committed to the Nevada State Hospital as an inebriate. On June 8, 1966, the Board of Medical Examiners of Nevada entered an order permanently revoking his license to practice medicine in that state.

By registered letter dated May 6, 1966, the Federal Air Surgeon notified him his

**16**

designation as Aviation Medical Examiner was thereby revoked. This letter was addressed to him at his Fallon address and was actually received and receipted for by his wife. He denied having ever received it. However, he made no application for redesignation for the years 1967, 1968 or 1969. During these years he practiced medicine and maintained his offices in Lovington, New Mexico.

On October 12, 1966, appellee, New Mexico Board of Medical Examiners, entered a decision and order permanently revoking appellant's license to practice medicine in the State of New Mexico. However, this revocation was stayed upon certain conditions, one of which was:

"Respondent [Appellant] shall at all times comply with all of the laws of the United States, the State of New Mexico and its political subdivisions and the rules and regulations of the Board of Medical Examiners."

Appellant was notified of his right under § 67–26–17, N.M.S.A.1953 (Repl. Vol. 10, pt. 1, 1961) to have this decision and order reviewed, but no review was sought by him.

On March 20, 1970, appellee entered a decision and order suspending appellant's license for a term of two years and one day, with the privilege of reapplying for license after the expiration of said term. The conclusion of appellee upon which this action was predicated was:

"That the respondent, John Gordon Strance, M.D., has failed to comply with the terms of his probation as ordered by the Board of Medical Examiners on 12 October 1966 and thus is guilty of unprofessional conduct in· violation of Section 67–5–9, New Mexico Statutes Annotated, 1953 Compilation, as amended."

In addition to the above quoted condition for staying his suspension and a finding as to the foregoing recited events concerning his designation as an Aviation Medical Examiner and the revocation thereof, appellee predicated its conclusion that appellant was guilty of unprofessional conduct upon the following findings:

"That notwithstanding the fact that respondent's designation as an Aviation Medical Examiner had been revoked by the Federal Aviation Agency, he continued to give medical examinations and issue the various medical certificates and student pilot certificates for a fee, as indicated on Exhibits 'B' through 'H' attached to the Order to Show Cause issued by the Board aforesaid.

"That on 12 September 1969 the respondent was verbally informed over the telephone by Judith Hunter, an employee of the Federal Aviation Agency, that he was not an approved Aviation Medical Examiner and that he should not give any physical examinations or issue any certificates until approved. That notwithstanding this admonition, respondent unlawfully and illegally issued Medical Certificates III Class and Student Pilot Certificate to Leach Bob Roberts, Jr., Box 466, Lovington, New Mexico, on 14 November 1969, as indicated on Exhibit 'H' attached to the Order to Show Cause.

"That all of the certificates issued by respondent subsequent to 6 May 1966 were unlawfully and illegally issued and invalid, and the respondent knew or should have known that all of the physical examinations performed and certificates issued by him prior to 14 November 1969 were unlawfully issued and invalid, and the respondent knew the certificate issued to Leach Bob Roberts, Jr., on 14 November 1969, as aforesaid, was unlawfully issued and invalid, as he had been personally informed on 12 September by Judith Hunter, as aforesaid, that he was no longer a designated Aviation Medical Examiner and was not to perform any examinations or issue any more certificates until approved.

"That the respondent's illegal, unlawful, and unauthorized conduct in issuing the certificates to the various persons, as set forth under Exhibits 'B' through 'H'

attached to the Order to Show Cause, constitutes a violation of the terms of the probation of said respondent, as heretofore entered by the Board on 12 October 1966, in that such unlawful, illegal, and unauthorized conduct is unbecoming in a person licensed to practice medicine in the State of New Mexico, and was and is detrimental to the best interests of the public."

The only findings upon which a direct attack has been made are those contained in the last two paragraphs above quoted, and this attack will hereinafter be discussed. Since no claim has been made that the other findings are unsupported by substantial evidence, they are binding on this court. Springer Corporation v. Kirkeby-Natus, 80 N.M. 206, 453 P.2d 376 (1969); § 67–26–23, N.M.S.A.1953 (Repl. Vol. 10, pt. 1, 1961).

By his first point relied upon for reversal, appellant contends there was no substantial evidence that he violated the above quoted condition of the probationary order of October 12, 1966, or that his conduct was "unlawful, illegal and unauthorized" so as to constitute a basis for a finding of "unbecoming conduct," and appellee acted in excess of its authority.

In the findings which are not attacked, the issuance of certificates by him was described as unlawful and illegal. There is no question about appellant having made the examinations referred to in the findings after his designation as an Aviation Medical Examiner had been revoked, and after he must have known he lacked authority to make these examinations. He concedes that the Federal Aviation Administrator has properly promulgated and published regulations having the force of law, and quotes portions of §§ 183.13, 183.15 and 67.23 of 14 C.F.R. concerning the designation of Aviation Medical Examiners and renewals of these designations, and the fact that designated Aviation Medical Examiners are the only ones authorized by these regulations to make medical examinations for the different classes of airmen.

He urges that no provision is made in these regulations for punishment for the issuance of a certificate by a person not designated by the Federal Air Surgeon. Although, as hereinafter discussed, we are of the opinion that the establishment of criminal liability is not essential to a determination of the issues presented, Title 49 U.S.C.A. § 1472(b) provides in part:

"Any person who knowingly and willfully forges, counterfeits, alters, or falsely makes any certificate authorized to be issued under this chapter, or knowingly uses or attempts to use any such fraudulent certificate, * * * shall be subject to a fine of not exceeding $1,000 or to imprisonment not exceeding three years, or to both such fine and imprisonment."

Each of the certificates of examination in question was executed by appellant on a form regularly furnished by the Federal Aviation Administration to and for use by designated Aviation Medical Examiners.

He seeks to avoid the effects of his acts by urging he negligently executed these certificates; that a determination of his guilt as to whether he knowingly and willfully executed the certificates may be made only by a proper court in a proper proceeding; and a determination by appellee of his guilt of unprofessional conduct in violation of § 67–5–9, N.M.S.A.1953 (Repl. Vol. 10, pt. 1, 1961) (Supp.1969), necessarily involved a determination of his criminal guilt.

In our opinion the evidence is clearly sufficient to support a criminal conviction of appellant for having knowingly and willfully executed the certificates. However, we do not understand that an administrative determination of "unlawful, illegal or unauthorized" conduct sufficient to support a conclusion of "unprofessional conduct," as provided in § 67–5–9, supra, and as concluded by appellee, as above shown and quoted, is dependent upon a prior judicial determination of criminal guilt. Nothing stated in Young v. Board of Pharmacy, 81 N.M. 5, 462 P.2d 139 (1969) or in McKay v. State Board of Medical Examiners, 103 Colo. 305, 86 P.2d 232 (1938), upon which

**18**

appellant relies, supports this position. As stated in the Colorado case, the purpose of an administrative hearing to determine a claim of immoral, dishonorable or unprofessional conduct is not that of imposing punishment but the protection of the public.

Here the revocation of appellant's license had been stayed, and he had been placed on probation upon condition that he comply with all the laws of the United States. He did not seek review of this revocation, the stay, the probation, or the stated conditions of the probation. He does not now challenge appellee's authority to so act in any of these particulars.

"The board [Appellee] may, in its discretion, and for good cause shown, place the licensee on probation on such terms and conditions as it deems proper for protection of the public and for the purpose of the rehabilitation of the probationer, or both. * * *"

Section 67–5–9, supra.

Whether or not appellant was criminally guilty of violating the laws of the United States is not the issue, but rather whether or not his unlawful conduct in making examinations of airmen, when he knew he lacked the authority to so do, constitutes unprofessional conduct detrimental to the best interests of the public.

The scope of review by the district court was limited to a determination of whether the substantial rights of appellant had been prejudiced because appellee's:

"* * * findings, inferences, conclusions or decisions are: in violation of constitutional provisions; or in excess of the statutory authority or jurisdiction of the board; or made upon unlawful procedure; or affected by other error of law; or unsupported by substantial evidence on the entire record as submitted; or arbitrary or capricious."

Section 67–26–20, N.M.S.A.1953 (Repl. Vol. 10, pt. 1, 1961).

It was not the function of the district court, nor is it the function of this court, to substitute its judgment for that of appellee. Seidenberg v. New Mexico Board of Medical Exam., 80 N.M. 135, 452 P.2d 469 (1969).

Appellant's second point is simply that the district court erred in affirming appellee's decision because of the claimed errors asserted in the first point.

We are of the opinion the trial court correctly decided that the challenged findings were supported by substantial evidence, and that appellee had the authority to effect the suspension upon the basis of these findings, the findings which are unattacked; and the power conferred upon it by statute.

The judgment should be affirmed.

It is so ordered.

McMANUS and STEPHENSON, JJ., concur.