644 P.2d 1035

Rudy MONTOYA, Petitioner-Appellee,

v.

CITY OF ALBUQUERQUE, Department of Water Resources, Mayor David Rusk, Paul Noland, Director, City of Albuquerque Personnel Board, Duane Gilkey, Debby Toth, Manuel Jiminez and Dan Abeyta, Respondents-Appellants.

No. 13847.

Supreme Court of New Mexico.

May 6, 1982.

George R. Pat Bryan, III, City Atty., Cornelius J. Finnen, Asst. City Atty., Albuquerque, for respondents-appellants.

William J. Tryon, Albuquerque, for petitioner-appellee.

OPINION

EASLEY, Chief Justice.

Montoya petitioned the district court for certiorari to review the decision of the City of Albuquerque Personnel Board (CAPB) upholding Montoya's termination from City employment. The court ordered Montoya restored to City employment subject to a sixty day suspension. The City appeals. We reverse.

The basic issue is whether there was substantial evidence to support the decision of the CAPB to terminate Montoya. Montoya, a foreman, was terminated from his City employment for acts of theft and procurement of property, consisting of two pick-up mirrors and twenty-five pounds of nails, for his personal use through the City's requisition process. Montoya appealed his termination to the CAPB, which concluded that the termination was justified. The district court overturned the majority decision of the CAPB to terminate and ordered a sixty day suspension only.

The law governing this case is set out succinctly in *Otero v. New Mexico State Police Board*, 83 N.M. 594, 595, 495 P.2d 374, 375 (1972):

It is the rule that the district court may not, on appeal, substitute its judgment for that of the administrative body, but is restricted to considering whether, as a matter of law, the administrative body acted fraudulently, arbitrarily, or capriciously, whether the administrative order is substantially supported by evidence, and whether the action of the administrative body was within the general scope of its authority. *Seidenberg v. New Mexico Board of Medical Examiners*, 80 N.M. 135, 452 P.2d 469 (1969); *Llano, Inc. v. Southern Union Gas Company*, 75 N.M. 7, 399 P.2d 646 (1964). Substantial evidence means such relevant evidence as a reasonable man might find adequate to support a conclusion. *Cave v. Cave*, 81 N.M. 797, 474 P.2d 480 (1970). This court, in reviewing the district court's judgment,

must, in the first instance, make the same review of the [CAPB's] action as did the district court. *Reynolds v. Wiggins*, 74 N.M. 670, 397 P.2d 469 (1964).

*See also, Alto Village Services Corp. v. New Mexico, Etc.*, 92 N.M. 323, 587 P.2d 1334 (1978).

On review of the record of the CAPB hearing, we find that there is substantial evidence to support the CAPB finding that Montoya converted two pick-up mirrors and twenty-five pounds of nails to his own use. There is also substantial evidence that termination of employment was consistent with the policy of the City of Albuquerque in the area of misappropriation of property by City employees. Furthermore, we agree with the majority of the CAPB that "proof of theft and dishonesty by an employee is justifiable cause for termination of employment."

We therefore hold that the decision of the CAPB, based on substantial evidence in the record, was neither arbitrary nor capricious. *Seidenberg v. New Mexico Board of Medical Exam., supra.*

The judgment of the district court is reversed, and the decision of the CAPB is affirmed.

IT IS SO ORDERED.

SOSA, Senior Justice, and FEDERICI, J., concur.