657 P.2d 1180

Peter PATRON, Petitioner-Appellant,

v.

The CITY OF ALBUQUERQUE, Respondent-Appellee.

No. 14421.

Supreme Court of New Mexico.

Feb. 2, 1983.

Chris Lackmann, Albuquerque, for petitioner-appellant.

Cornelius J. Finnen, Asst. City Atty., Albuquerque, for respondent-appellee.

## OPINION

FEDERICI, Justice.

Plaintiff-appellant (plaintiff) Peter Patron filed a writ of certiorari in the Bernalillo County District Court against the defendant-appellee (defendant) City of Albuquerque seeking review of a decision of the Albuquerque City Personnel Board (Board).

The Board upheld the defendant's chief administrative officer who sustained the termination of the plaintiff from his position as correctional officer at the Bernalillo County Detention Center. The Board "upheld" the dismissal of plaintiff by a two-to-two vote. The district court dismissed the writ of certiorari. Plaintiff appeals. We affirm.

The single issue on appeal is whether a tie vote of the Board can legally serve to sustain termination of plaintiff's employment. The defendant maintains that a two-to-two vote by the Board is sufficient to sustain the plaintiff's dismissal. Defendant further maintains that the reason why the plaintiff's dismissal should be sustained is because it was *plaintiff* who filed the motion before the Board, and it was therefore *plaintiff's* burden to secure a majority vote to overturn the decision of defendant's chief administrative officer. We agree.

### I. History.

The Legislature has provided in Section 3–13–4(A), N.M.S.A. 1978, that any municipality may establish by ordinance a merit system governing the hiring, promotion, discharge and general regulation of municipal employees. *See generally Mowrer v. Rusk,* 95 N.M. 48, 618 P.2d 886 (1980). Such a merit ordinance system provides for a tiered review process of administrative actions, including terminations, at supervisory, departmental, chief administrative and personnel board levels. In this case, defendant, pursuant to Section 3–13–4(C), N.M.S.A. 1978, proceeded to adopt a merit system ordinance regarding such matters as hiring, promotion and discharge. The defendant further implemented its merit system ordinance by providing for a City Personnel Board, to be composed of seven members, as part of the administrative review process. Albuquerque, N.M., Rev. Ordinances art. IX, § 2–9–4(A) (1974). Procedurally, the Board acts affirmatively on a motion subject to a majority vote. Albuquerque, N.M., Rev. Ordinances art. IX, § 1–12–2(B)(5) (1974) provides:

A majority of all members of a public board, commission or committee shall constitute a quorum for the transaction of business. *A motion shall carry upon the affirmative vote of the majority of the members present at any meeting.* (Emphasis added.)

The sequence of events leading to the action by the Board in upholding the dismissal of the plaintiff are: (1) on June 10, 1981, plaintiff was terminated from his employment with the defendant; (2) on June 17, 1981, an informal department hearing was held which sustained the termination; (3) on July 7, 1981, the defendant's chief administrative officer also sustained plaintiff's termination; (4) on September 22, 1981, by a two-to-two vote of the voting quorum present, the Board "upheld" the dismissal of the plaintiff; (5) the Board denied plaintiff's request for a rehearing and the grievance was removed to the Bernalillo County District Court.

### II. Application of Merit Ordinance System.

Plaintiff contends that by reason of the two-to-two vote by the Board, it failed to sustain plaintiff's dismissal since a majority did not vote to uphold the dismissal. At the hearing on September 22, 1981, a voting quorum was present, composed of four of the seven Board members. Albuquerque, N.M., Rev. Ordinances art. IX, § 1–12–2(B)(5). Plaintiff misinterprets where the burden lies on his grievance motion to overturn the chief administrative officer's decision. It is not the Board's burden to prove that plaintiff's termination was correct; rather, it is plaintiff's burden to secure a majority vote to overturn the administrative decision. *International Min. & C. Corp. v. New Mexico P.S. Com'n,* 81 N.M. 280, 466 P.2d 557 (1970):

Since it was plaintiff's burden to overturn the decision of the Board, our inquiry turns to what constitutes a majority vote in order that plaintiff may prevail. We agree with the Attorney General who has previ-

ously issued an opinion on the general question of what constitutes a "majority" vote. 69 Op. Att'y Gen. 148 (1969) states in part:

A 'majority' of the * * * body * * * is one more than half of the [person's] present at the vote. * * * For example, if there are four [persons] present at least three would be required to constitute a 'majority.'

Plaintiff needed at least three affirmative votes to constitute a majority of the Board to overturn the administrative decision sustaining his termination. A tie vote does not constitute a majority. *Strawitz v. Town of Marksville,* 77 So.2d 597 (La.App. 1955); *Felice v. Swezey,* 278 App.Div. 958, 105 N.Y.2d 486 (1951). 4 E. McQuillen, The Law of Municipal Corporations § 13.31b (rev. ed. 1979). *See also* H. Roberts, Roberts' Rules of Order Revised at 191–92 (1951). There being no affirmative majority vote reversing the decision of the defendant's chief administrative officer, the plaintiff's termination stands. *Cf. Montoya v. City of Albuquerque,* 98 N.M. 46, 644 P.2d 1035 (1982).

IT IS SO ORDERED.

PAYNE, C.J., and SOSA, Senior Justice, concur.