427 P.2d 258

Sam ARMIJO, Petitioner-Appellee,

v.

Joe ARMIJO, Chief, Division of Liquor Control, Bureau of Revenue, Respondent-Appellant.

No. 8173.

Supreme Court of New Mexico.

May 8, 1967.

Boston E. Witt, Atty. Gen., Tom Overstreet, Myles E. Flint, Asst. Attys. Gen., Santa Fe, for appellant.

Standley, Kegel & Campos, Santa Fe, for appellee.

## OPINION

OMAN, Judge, Court of Appeals.

The petitioner filed an application with respondent for a dispenser's license for the sale of alcoholic liquors from a place of business at Tres Piedras. By letter dated September 15, 1965, the respondent advised petitioner:

"In response to your telephone request, I submit the following information.

"Your request for a new liquor license to be located at Tres Piedras, Rio Arriba County, cannot be processed due to the fact that a quota of one to each two thousand people has been more than filled in that county prior to the establishment of the quota system.

"Your request for a rural license in that locality cannot be processed due to the fact that a rural license must be more than ten miles from any existing license and, as you know, there is [sic] the present time a license located close to Tres Piedras and less than ten miles from your desired location."

On October 29, 1965, petitioner filed in the district court of Santa Fe County a Petition for Alternative Writ of Mandamus and for Injunction. In his petition he alleged he was informed by the letter of September 15, 1965, that respondent, " * * * could not process the application for the reason that the quota of one to each 2000 people was fulfilled at Tres Piedras," and that liquor license No. 1065, which was then located in Tres Piedras, was not a valid license, was not valid at that location, and that a proposed transfer of the same to another location in Tres Piedras would be in violation of law. He prayed that,

"Respondent be required to process the said application, the same as if Liquor License No. 1065 was not in existence, and that Liquor License No. 1065 not be transferred but the same be declared null and void and that Respondent be required to cancel the same as an existing license upon his records. * * * "

The district court, on the basis of the petition, entered an Alternative Writ of Mandamus and Injunction. At the hearing on the merits the injunction ordering respondent to refrain from transferring license No. 1065 was dissolved, and no appeal has been taken from this portion of the judgment. The trial court also ordered that a peremptory writ of mandamus be issued to respondent commanding him to consider petitioner's application for a liquor license. It is from this portion of the judgment that respondent has appealed.

At the hearing on the merits no testimony was taken, and the only evidence offered and received, which in any way relates to the question of whether or not respondent considered the application and had reached a decision on whether to issue or refuse the issuance of the license, was the letter of September 15, 1965 above-quoted. The only other information in this regard brought to the court's attention came when the court made the following inquiry of counsel: "Has the application been denied in this case?" The attorney for the respondent answered: "Yes, your Honor, it has."

The attorney for petitioner made no response whatever to the court's inquiry and made no comment concerning the answer of the attorney for respondent.

The question simply is whether or not the respondent had considered the application and had made a decision. If so, then the peremptory writ of mandamus was improvidently granted.

The letter of September 15, 1965 clearly shows that the application had been considered. In fact, respondent first says the application cannot be processed because the quota of one license to each two thousand people has been more than filled in Rio Arriba County. This quota is expressly fixed by the provisions of § 46–5–24(b), N.M.S.A.1953.

In the next paragraph of the letter respondent advises that the application cannot be processed because the requested license would be located at a place less than ten miles from existing licensed premises. This enjoinder as to the distance a new license must be located from existing licensed premises is contained in § 46–5–24(c), N.M.S.A.1953.

Although respondent did not expressly state that he had "determined" or "decided" to refuse the application, when he stated the application "cannot be processed," and then specifically recited the reasons why it could not be processed, there can be no doubt this amounted to a final decision on his part to refuse the application. A decision is a determination arrived at after consideration, an opinion formed, or a course of action decided upon. Merriam-Webster's New International Dictionary Unabridged (3rd ed. 1966). See Crabtree v. Young, 1 Ohio St.2d 93, 204 N.E.2d 685, 687 (1965); Southern Motels Invest. Corp. v. Tower Contracting Co., Inc., 174

So.2d 852, 857 (La.App.1965), cert. den., 248 La. 118, 176 So.2d 450 (1965); Larsen v. American Airlines, Inc., 313 F.2d 599, 603 (2d Cir. 1963). Respondent had reached a final decision and had communicated this decision to petitioner. There is no other reasonable interpretation to be placed on the language of the letter. And, as above stated, the trial court was advised verbally by counsel for respondent that the application had been denied.

The petitioner's remedy upon being advised of the decision was by appeal to the district court of Santa Fe County as expressly provided by § 46–5–16(E), N.M.S.A.1953. See Southern Motels Invest. Corp. v. Tower Contracting Co., Inc., supra. His right to appeal, the nature of the appellate proceedings, and the issues or questions to be determined upon such appeal are set forth in § 46–5–16(E), N.M.S.A. 1953, and in the opinion of this court in the case of Yarbrough v. Montoya, 54 N.M. 91, 214 P.2d 769 (1950).

It follows from what has been said that the district court erred in entering its judgment ordering the issuance of a peremptory writ of mandamus, and that this cause should be remanded to the district court with directions to vacate and set aside this portion of its judgment and to dissolve the peremptory writ. It is so ordered.

MOISE and COMPTON, JJ., concur.