691 P.2d 72

**Marie Grace ROMERO,
Plaintiff-Appellant,**

**v.**

**EMPLOYMENT SECURITY DEPART-
MENT of the State of New Mexico,
et. al., Defendant-Appellee.**

**No. 7656.**

Court of Appeals of New Mexico.

Nov. 1, 1984.

Paul Bardacke, Atty. Gen., Santa Fe, Paul D. Campos, Asst. Atty. Gen., Albuquerque, for Employment Sec. Dept.

Thomas M. Brown, Gutierrez & Brown Law Offices, Albuquerque, for plaintiff-appellant.

## OPINION

DONNELLY, Chief Judge.

Marie Grace Romero appeals from an order of the district court upholding the action of the State Personnel Board which affirmed disciplinary action imposed against her by her employer, the Employment Security Department. The sole issue asserted by appellant on appeal is whether her conduct at a meeting with her supervisors constituted misconduct and just cause for her employer to suspend her from work. We affirm.

### FACTS

Appellant is a supervisor employed by the New Mexico Employment Security Department. On November 3, 1980, appellant attended a meeting at the Albuquerque Montgomery area office of the Employment Security Department which had been called by Joseph Garrison, the Regional Bureau Chief and Debbie Gorenz, an Agency Claims Examiner. The purpose of the meeting was to study a number of complaints the state office had received concerning personnel problems at the area office between departmental supervisory personnel. Garrison and Gorenz also wished to determine the reasons for the delays in processing unemployment compensation benefits for claimants.

At the meeting, after reviewing the problems which were determined to exist, Garrison stated that a new plan would be formulated to resolve the problems. Appellant, as a supervisor, was told that she would be the person who would have the responsibility for implementing the new plan. While Gorenz was explaining the changes that should be carried out, appellant became visibly upset and interrupted Gorenz's explanation. Appellant began crying and yelling at Gorenz and the other supervisory personnel present, stating that they did not know what they were doing and that if she followed their instructions she would be violating federal law.

The area supervisor, Garrison, told appellant to stop interrupting but appellant con-

tinued yelling until Garrison had repeated his order three times.

After the meeting, appellant's supervisors determined that she was guilty of misconduct and ordered that she be suspended without pay for five work days. They recommended that she should be put on probation for forty-five days as a result of her conduct. Appellant appealed the disciplinary action to the State Personnel Board. On May 27, 1981, following a hearing before a hearing officer, the Personnel Board affirmed the disciplinary action, finding that appellant's conduct at the meeting constituted misconduct and that there was just cause to sustain the disciplinary action imposed by her employer.

Appellant appealed the ruling of the State Personnel Board to the District Court of Bernalillo County. At the court hearing the parties stipulated that the findings of the State Personnel Board were supported by substantial evidence and that the decision of the Board was not arbitrary or capricious.

The findings of the State Personnel Board were adopted by the district court and the court concluded that appellant's behavior during the meeting of November 3, 1980, constituted misconduct and that the Employment Security Department had just cause for imposing the disciplinary action taken. The trial court affirmed the decision of the State Personnel Board.

## DID APPELLANT'S ACTION CONSTITUTE MISCONDUCT?

Appellant challenges on appeal the disciplinary action imposed against her and asserts that her conduct did not, as a matter of law, fall within the definition of misconduct. Appellant contends that by her conduct she was voicing an objection to proposals stated by others at the meeting, and that her failure to promptly heed the verbal order of her superior was the result of being emotionally upset. She asserts that her conduct, while perhaps inappropriate, did not amount to a showing of a wilful or wanton disregard of her employer's interest or an action which legally amounted to misconduct sufficient to constitute just

cause for the imposition of disciplinary action against her. Appellant further contends that she became upset as a result of long-standing tension which had existed in her office between certain individuals and because of her concern that the plan her supervisors proposed would violate federal regulations governing her job activities.

Rule 14.7(C) of the Rules and Regulations of the State Personnel Board in effect at the time of appellant's hearing, provided in applicable part:

*Employees may be dismissed, demoted, or suspended only for just cause, such as inefficiency, incompetency, misconduct, negligence, insubordination, for performance which continues to be inadequate after reasonable efforts have been made to correct it, or conviction of a felony or misdemeanor and the provisions of the Criminal Offender Employment Act, Section 28–2–1, et seq., NMSA 1978, permit such disciplinary action.* [Emphasis added.]

The term "misconduct" is not specifically defined in the State Personnel Act, or the Rules and Regulations of the State Personnel Board. "Just cause" is defined in the Personnel Board's Rules and Regulations as "any conduct, action, or inaction, arising from, or directly connected with the employee's work, which is inconsistent with the employee's obligations to the employer and reflects the employee's disregard of the employer's interests." State Personnel Board Rule 1.25 (July 1, 1983). *See State ex rel. New Mexico Highway Department v. Silva*, 98 N.M. 549, 650 P.2d 833 (Ct.App. 1982).

The word "misconduct" within the context of Rule 14.7(C) of the State Personnel Rules should be interpreted in its plain and ordinary meaning in light of the purpose of the rule. *See State ex rel. Bingaman v. Valley Savings & Loan Association*, 97 N.M. 8, 636 P.2d 279 (1981) (court construed statutorily created attorney general powers to include a suit against Valley Savings Loan Association by determining that this action was within

the "public interest" when the statute was read giving the words their ordinary and usual meaning). "Misconduct," as defined in Webster's New Collegiate Dictionary 734 (1977), includes conduct of an employee which amounts to "intentional wrongdoing * * * deliberate violation of a law or standard * * * [or] improper behavior." Similarly, the term "misconduct" has been interpreted to mean a " 'wilful, intentional disregard of [an] employer's interest; a deliberate violation of the employer's rules; or a disregard of standards of behavior which the employer has a right to expect of his employees.' " *Weston v. Gritman Memorial Hospital*, 99 Idaho 717, 719, 587 P.2d 1252, 1254 (1978). *See also Hickenbottom v. District of Columbia Unemployment Compensation Board*, 273 A.2d 475 (D.C.App.1971). Mere inefficiency, ordinary negligence, or isolated instances of good-faith errors in judgment do not rise to the level of misconduct although such may be evidence going to the provisions of Rule 14.7(C).

 Appellant argues that a "wilful and wanton" standard should be required to be shown when the actions of a public employee are alleged to constitute "misconduct." We conclude that while "wilful and wanton" conduct may indeed constitute misconduct, the definition of misconduct as embodied in Rule 14.7(C), is not so narrowly proscribed. The term "misconduct" as contemplated by the rule is not limited to circumstances of intentional wrongdoing, but also embraces an employee's disregard of proper behavior which an employer has a right to expect of an employee. *See Weston v. Gritman Hospital.*

The question of whether an employee's action constituted misconduct so as to provide "just cause" for the discipline of a state employee is a question of fact to be determined from all the attendant circumstances in each case. The employee's action should be viewed in light of the common and ordinary meaning of "misconduct." *Cf. Silva.*

Applying this standard to the facts in the present case, the actions of appellant in direct contravention of her superior's instructions to stop yelling at others at the staff meeting was a sufficient basis upon which appellant's supervisors, the State Personnel Board, and the district court could reasonably find misconduct by the appellant within the definition of Rule 14.7(C) of the State Personnel Rules. Appellant had the status of a supervisor and as such, her behavior and conduct while on duty and while serving the public and individuals who have business with the agency, affects the efficiency of the agency. She also serves as an example to her subordinates. The Personnel Board specifically found that the recommendations sought to be carried out by appellant's supervisors would not in fact violate federal regulations. This finding was stipulated to by the parties before the district court and is not an issue on appeal. Additionally, on appeal to this court, appellant has not challenged the reasonableness of the plan which her superiors directed her to carry out at the November 3, 1980 meeting.

The judgment of the district court is affirmed. Appellees are awarded their costs on appeal.

**IT IS SO ORDERED.**

WOOD and HENDLEY, JJ., concur.